■ Town of Wallkill, Appellant, v Monte J. Rosenstein et al., Respondents. [837 NYS2d 212]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Alessandro, J.), dated July 14, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice as time-barred and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the appellant.

In or around 1989, the Town of Wallkill requested that the defendant Monte J. Rosenstein, a long-time attorney for the Town, procure easements from certain property owners within the Town to enable the Town to install sewer lines and other equipment on those properties as part of a sewer extension project. Rosenstein allegedly promised to obtain the easements in an expeditious fashion. At some point after the initial assignment but prior to January 2002, when the Town terminated Rosenstein as its attorney, the Town commenced and completed the sewer extension project. The Town allegedly went forward with the project based upon Rosenstein's representations to Town officials over a period of years that the easements were being completed and that there was no impediment to proceeding on the sewer extension project. The Town learned in or around mid-2002 that the required easements had not been obtained from the property owners. In early December 2004, the Town commenced this action against Rosenstein and his law firm Monte J. Rosenstein, P.C.

Pursuant to CPLR 214 (6), an action to recover damages for legal malpractice must be commenced within three years of accrual. A cause of action for legal malpractice accrues when the malpractice is committed, not when it is discovered (*see Zorn v Gilbert*, 8 NY3d 933 [2007]; *McCoy v Feinman*, 99 NY2d 295, 306 [2002]; *St. Stephens Baptist Church, Inc. v Salzman*, 37 AD3d 589 [2007]). A legal malpractice claim accrues " 'when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court' " (*McCoy v Feinman, supra* at 301, quoting *Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994]). The expiration of the three-year statute of limitations is subject to tolling based upon continuing representation (*see Glamm v Allen*, 57 NY2d 87, 93 [1982]). The continuous representation doctrine tolls the statute of limitations where "there is a mutual understanding of the need for further repre-

sentation on the specific subject matter underlying the malpractice claim" (*McCoy v Feinman, supra* at 306).

The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action for legal malpractice as time-barred. Here, the legal malpractice cause of action accrued, at the latest, when the Town entered into contracts for the commencement of the sewer extension project, as that is when the facts necessary for the cause of action occurred and the Town could have obtained relief in court. While the parties did not state when the sewer extension project commenced, the Town conceded that it was more than three years prior to the commencement of this action. Thus, the Town's legal malpractice cause of action ordinarily would have been time-barred. However, in opposition to the defendants' motion, the Town raised a triable issue of fact as to whether the statute of limitations was tolled by the doctrine of continuous representation (*see N&S Supply v Simmons*, 305 AD2d 648, 650 [2003]; *cf. Montes v Rosenzweig*, 21 AD3d 460, 463-464 [2005]; *Rachlin v LaRossa, Mitchell & Ross*, 8 AD3d 461, 462 [2004]).

For reasons other than those set forth by the Supreme Court, those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging breach of fiduciary duty, fraudulent concealment, unjust enrichment, and breach of contract were properly dismissed. They were merely duplicative of the legal malpractice cause of action, as they arose from the same facts and did not allege distinct and different damages (*see Amodeo v Kolodny, P.C.*, 35 AD3d 773 [2006]; *Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746, 749 [2006]; *Shivers v Siegel*, 11 AD3d 447 [2004]; *Mecca v Shang*, 258 AD2d 569, 569-570 [1999]).

The parties' remaining contentions are without merit or have been rendered academic by our determination. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.