■ JOHN F. SITAR et al., Appellants, v STEVEN SITAR et al., Defendants, and KEVIN J. McGRAW et al., Respondents. [854 NYS2d 536]—

In an action, inter alia, to recover damages for legal malpractice and fraud, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Murphy, J.), entered December 1, 2006, which granted the motion of the defendant Kevin J. McGraw pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him and, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant Mintz & Fraade, P.C.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal from so much of the order as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant Mintz & Fraade, P.C., and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion which were to dismiss the third cause of action alleging legal malpractice against the defendant Kevin J. McGraw, the eighth cause of action alleging breach of duty of loyalty against the defendant Kevin J. McGraw, and the ninth cause of action alleging breach of duty of care against the defendant Kevin J. McGraw, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof, sua sponte, directing the dismissal of the cause of action alleging legal malpractice insofar as asserted against the defendant Mintz & Fraade, P.C.; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

This action arose from a dispute over the sale of the assets and operations of a closely held corporation, the plaintiff Corstar Business Computing Co., Inc. (hereinafter Business Computing). The plaintiff John F. Sitar, the owner of Business Computing, agreed to sell its assets and operations to Corstar Communications, Inc. (hereinafter Communications), a business entity owned or controlled by John F. Sitar's son, the defendant Steven Sitar, and daughter-in-law, the defendant Kristen Sitar. According to the agreement, the purchase price would be determined according to the profits of Business Computing while Steven and Kristen were running its operations. The defendant Kevin J. McGraw, who was a member of Business

Computing's board of directors, acted as attorney for both John F. Sitar and Steven Sitar in the transaction. As alleged in the complaint, John repeatedly requested the books and records of Business Computing, but they were never delivered to him. Nevertheless, in January 2004 the sale took place. According to the complaint, McGraw was aware that Steven and Kristen had engaged in "intentional and unauthorized behavior" that had caused the value of Business Computing to be diminished, but McGraw did not disclose that information to John.

John and Business Computing instituted this action against Steven, Kristen, Communications, various other corporations, McGraw, and McGraw's law firm, the defendant Mintz & Fraade, P.C. The complaint set forth causes of action against McGraw alleging legal malpractice, fraud, fraudulent misrepresentation, breach of duty of care, breach of duty of loyalty, and negligent misrepresentation, and sought an accounting.

In a pre-answer motion, McGraw asked the court to dismiss the complaint insofar as asserted against him. The court granted the motion, and sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Mintz & Fraade, P.C. We modify.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true, and the court must afford those allegations every favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *Gershon v Goldberg*, 30 AD3d 372, 373 [2006]; *Goldfarb v Schwartz*, 26 AD3d 462, 463 [2006]; *Fast Track Funding Corp. v Perrone*, 19 AD3d 362, 362-363 [2005]).

Applying those principles, the complaint adequately pleaded a cause of action alleging legal malpractice against McGraw and Mintz & Fraade, P.C. A prima facie case of legal malpractice requires proof that the attorney failed to exercise the ordinary and reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of that duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Bauza v Livington*, 40 AD3d 791, 792-793 [2007]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561, 562 [2003]). Here, the plaintiffs alleged that McGraw represented both sides of the transaction, and was thereby burdened by a conflict of interest, and that he was aware of information critical to the

purchase price of Business Computing but withheld that information from the plaintiff John Sitar, who was his client. These allegations were sufficient to state a cause of action to recover damages for legal malpractice (*see Tabner v Drake,* 9 AD3d 606, 610 [2004]). Additionally, the complaint adequately pleaded a cause of action alleging breach of duty of loyalty and breach of duty of care against McGraw.

The Supreme Court, however, properly dismissed the fourth cause of action alleging fraud, the seventh cause of action alleging fraudulent misrepresentation, and the tenth cause of action alleging negligent misrepresentation, insofar as asserted against McGraw, inasmuch as those causes of action arise from the same facts as the cause of action alleging legal malpractice and do not allege distinct damages (*see Iannucci v Kucker & Bruh, LLP,* 42 AD3d 436, 437 [2007]; *Daniels v Lebit,* 299 AD2d 310 [2002]; *Mecca v Shang,* 258 AD2d 569, 570 [1999]). Contrary to McGraw's contention, the eighth and ninth causes of action seeking to recover damages against McGraw in his capacity as a member of Business Computing's board of directors for breach of duty of loyalty and breach of duty of care are not duplicative of the legal malpractice action, as they rely on different facts.

Finally, the court properly dismissed the sixth cause of action seeking an accounting because the plaintiffs fail to allege that they entrusted money or property to McGraw with respect to which they have an interest or which, in equity, ought to be divided (*see Schantz v Oakman,* 163 NY 148, 156-157 [1900]; *Bouley v Bouley,* 19 AD3d 1049, 1051 [2005]). Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.