■ CLARENCE CONKLIN, Respondent-Appellant, v JOSEPH A. OWEN et al., Appellants-Respondents. [900 NYS2d 118]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Cozzens, Jr., J.), entered July 28, 2009, as denied their motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the second and third causes of action and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In September 2002 the plaintiff retained the defendant Joseph A. Owen, a New York attorney, and his law firm, the defendant Owen Law Firm, PLLC, to represent him. The representation arose out of an accident that occurred on August 4, 2002, at a fair in Sussex County, New Jersey, when a swing the plaintiff sat on allegedly flipped over. The swing allegedly was owned or maintained by a New Jersey entity named Images of Our Own (hereinafter Images). By letter dated June 21, 2005, Owen withdrew as counsel, advising the plaintiff that New York's three-year statute of limitations was about to expire and to consult another attorney. The plaintiff alleged that the defend-

ants failed to commence an action before the two-year statute of limitations expired in New Jersey, and, as a result, the plaintiff commenced this legal malpractice action.

An attorney is liable in a malpractice action if the plaintiff can prove that the attorney failed to exercise the skill commonly exercised by an ordinary member of the legal community and that such negligence was the proximate cause of damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Barnett v Schwartz*, 47 AD3d 197, 203 [2007]; *Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC v Comprehensive Mental Assessment & Med. Care, P.C.*, 26 Misc 3d 1109, 1120-1121 [2010]). An attorney may be liable for ignorance of the rules of practice, for failure to comply with conditions precedent to suit, for neglect to prosecute or defend an action, or for failure to conduct adequate legal research (*see McCoy v Tepper*, 261 AD2d 592 [1999]; *Gardner v Jacon*, 148 AD2d 794, 796 [1989]; *Grago v Robertson*, 49 AD2d 645, 646 [1975]).

To succeed on a motion for summary judgment, the defendants were required to demonstrate that the plaintiff is unable to prove at least one of the essential elements of a legal malpractice cause of action (*see Allen v Potruch*, 282 AD2d 484 [2001]; *Shopsin v Siben & Siben*, 268 AD2d 578 [2000]). The defendants, as the movants, failed to submit evidence sufficient to establish their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plaintiff likewise also failed to meet his initial burden on his cross motion (*id.*). There are triable issues of fact, inter alia, as to whether a timely action could have been commenced in a New York court at the time the defendant attorney withdrew (*see* CPLR 202). Therefore, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the cause of action to recover damages for legal malpractice and the plaintiff's cross motion for summary judgment on the cause of action to recover damages for legal malpractice.

However, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's second cause of action to recover damages for breach of contract and third cause of action to recover damages for negligent representation, since these causes of action arise from the same facts as his legal malpractice cause of action and are duplicative of that cause of action (*see Sitar v Sitar*, 50 AD3d 667, 670 [2008]; *Shivers v Siegel*, 11 AD3d 447 [2004]; *Malarkey v Piel*, 7 AD3d 681 [2004]; *Mecca v Shang*, 258 AD2d 569 [1999]). Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.