■ FINANCIAL SERVICES VEHICLE TRUST, Plaintiff, v ANDRE H. SAAD, Defendant/Third-Party Plaintiff-Respondent. O'CONNOR, McGUINNESS, CONTE, DOYLE & OLESON et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. [900 NYS2d 353]—In an action for contractual indemnification, the third-party defendants O'Connor, McGuinness, Conte, Doyle & Oleson and William Watson appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered December 15, 2008, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first through sixth and the ninth

through twelfth causes of action of the third-party complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the third-party defendants O'Connor, McGuinness, Conte, Doyle & Oleson and William Watson which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second through fifth causes of action, so much of the ninth cause of action as alleged breach of fiduciary duty, and the eleventh and twelfth causes of action of the third-party complaint insofar as asserted against them, and substituting therefore a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellants' contention, the Supreme Court properly denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first cause of action and so much of the ninth cause of action of the third-party complaint alleging legal malpractice insofar as asserted against them. Accepting the facts as alleged in the third-party complaint as true, and according the defendant third-party plaintiff Andre H. Saad the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *Sinensky v Rokowsky*, 22 AD3d 563, 564 [2005]), the third-party complaint, as amplified by Saad's affidavit (*see Sheroff v Dreyfus Corp.*, 50 AD3d 877, 878 [2008]), adequately states causes of action against the appellants to recover damages for legal malpractice (*see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d at 39). Moreover, the documentary evidence submitted by the appellants failed to establish a defense to the legal malpractice claim as a matter of law (*id.* at 38, 39; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Klein v Gutman*, 12 AD3d 417, 418 [2004]).

However, the Supreme Court erred in denying those branches of the appellants' motion which were to dismiss the second and third causes of action of the third-party complaint alleging breach of contract, and the fifth, eleventh, and so much of the ninth causes of action alleging breach of fiduciary duty, insofar as asserted against them, as those causes of action arise from the same facts as the legal malpractice claim, and do not allege distinct damages (*see Mahler v Campagna*, 60 AD3d 1009, 1012 [2009]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d at 43; *Daniels v Lebit*, 299 AD2d

310 [2002]). In addition, the Supreme Court should have granted that branch of the appellants' motion which was to dismiss the fourth cause of action of the third-party complaint alleging fraud insofar as asserted against them. Saad failed to plead that cause of action with the requisite particularity (*see* CPLR 3016 [b]; *Mahler v Campagna*, 60 AD3d at 1012), and it was duplicative of the legal malpractice claim (*see Carl v Cohen*, 55 AD3d 478, 478-479 [2008]).

The Supreme Court should also have granted that branch of the appellants' motion which was to dismiss the twelfth cause of action of the third-party complaint seeking punitive damages insofar as asserted against them. Saad improperly denominated his request for punitive damages as a separate cause of action (*see Yong Wen Mo v Gee Ming Chan*, 17 AD3d 356, 359 [2005]), and he failed to allege facts sufficient to demonstrate that the appellants engaged in conduct which rose to the high level of moral culpability necessary to support a claim for punitive damages (*see 99 Cents Concepts, Inc. v Queens Broadway, LLC*, 70 AD3d 656 [2010]; *Anderson v Elliott*, 24 AD3d 400, 402 [2005]; *cf. Randi A. J. v Long Is. Surgi-Ctr.*, 46 AD3d 74, 81-82 [2007]).

The appellants' remaining contentions are without merit. Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.