■ JOSEPH ALIZIO et al., Respondents, v RICHARD B. FELDMAN et al., Appellants. [918 NYS2d 218]—

In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*id.*). To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements (*see Lichtenstein v Barenbaum*, 23 AD3d 440, 440 [2005]). Here, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law (*see Mueller v Fruchter*, 71 AD3d 650, 651 [2010]). It was the defendants' burden, as the parties moving for summary judgment, to demonstrate affirmatively the merit of their defense, which cannot be sustained by pointing out gaps in the plaintiffs' proof (*see Gamer v Ross*, 49 AD3d 598, 600 [2008]; *Mennerich v Esposito*, 4 AD3d 399, 400 [2004]; *cf. Brady v Bisogno & Meyerson*, 32 AD3d 410 [2006]). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging legal malpractice.

However, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing so much of the first, third, and fifth causes of actions as alleged breach of contract as duplicative of the causes of action alleging legal malpractice, as they arose from the same facts and do not allege distinct damages (*see Financial Servs. Veh. Trust v Saad*, 72 AD3d 1019, 1020 [2010]; *Town of Wallkill v Rosenstein*, 40 AD3d 972, 974 [2007]). In addition, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing so much of the second, fourth, and sixth causes of action as sought declaratory relief. Declaratory relief is inappropriate since the plaintiffs have an adequate alternative remedy in the form of a cause of action alleging legal malpractice (*see BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565, 568 [1998]; *Apple Records v Capitol Records*, 137 AD2d 50, 54 [1988]).

The parties' remaining contentions are without merit. Angiolillo, J.P., Chambers, Roman and Miller, JJ., concur.