■ Maria Guayara, Respondent, v Harry I. Katz, P.C., et al., Appellants. [920 NYS2d 401]—

In an action to recover damages for legal malpractice, the defendants Harry I. Katz, P.C., and Harry I. Katz appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated January 4, 2010, as denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and all cross claims insofar as asserted against them, and the defendant Raul Meruelo separately appeals, as limited by his brief, from so much of the same order as denied that branch of his separate motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants appearing separately and filing separate briefs.

The plaintiff commenced this action against her former attorneys, Harry I. Katz, P.C., and Harry I. Katz (hereinafter together the Katz defendants) and Raul Meruelo, asserting a separate cause of action against each of them to recover damages for legal malpractice. The causes of action alleged, among other things, that the negligent failure to inform her of enforcement devices available to her to collect on a judgment entered in her favor in the principal sum of $279,079.47, caused her to sell that judgment to a third party at the severely discounted rate of $100,000. After Meruelo answered the complaint, in which, among other things, he asserted cross claims against the Katz defendants for contribution and indemnification, the Katz defendants moved, in lieu of an answer, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7) and to dismiss the cross claims asserted against them by Meruelo. Meruelo separately moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (7). The Supreme Court denied both motions. The Katz defendants and Meruelo separately appeal. We affirm the order insofar as appealed from.

To sustain a cause of action alleging legal malpractice, a plaintiff must show that the defendant attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" and that "the attorney's breach of this professional duty caused the plaintiff's actual damages" (*McCoy v Feinman*, 99 NY2d 295, 301-302 [2002] [internal quotation marks omitted]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Walker v Glotzer*, 79 AD3d 737 [2010]). To succeed on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), the documentary evidence relied upon by the defendant must

"conclusively establish[ ] a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). When determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), "the standard is whether the pleading states a cause of action," and "the court must ' "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" ' " (*Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010], quoting *Nonnon v City of New York*, 9 NY3d 825, 827 [2007], quoting *Leon v Martinez*, 84 NY2d at 87-88).

Here, the complaint alleged, inter alia, that but for the Katz defendants' and Meruelo's failure to inform her of the enforcement options available to her to collect on the judgment, the plaintiff would not have sold the judgment at such a discounted value and would have collected the full amount of the judgment. Accordingly, the complaint states legally cognizable causes of action against the Katz defendants and Meruelo sounding in legal malpractice. Thus, the Supreme Court properly denied those branches of the Katz defendants' and Meruelo's separate motions which were to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7). Moreover, as the documents submitted by the Katz defendants do not conclusively dispose of the plaintiff's claims against them, the Supreme Court properly denied that branch of the Katz defendants' motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1).

The Supreme Court also properly denied that branch of the Katz defendants' motion which was to dismiss the cross claims for contribution and indemnification asserted against them by Meruelo (*see Schauer v Joyce*, 54 NY2d 1 [1981]; *Soussis v Lazer, Aptheker, Rosella & Yedid, P.C.*, 66 AD3d 993, 995 [2009]; *Lanoce v Anderson, Banks, Curran & Donoghue*, 259 AD2d 965 [1999]). Covello, J.P., Belen, Hall and Cohen, JJ., concur.