■ HEIDI THOMPSEN, Respondent, v WILLIAM B. BAIER et al., Appellants. [923 NYS2d 607]—

In an action to recover damages for legal malpractice and breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Marber, J.), dated June 11, 2010, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and third causes of action and substituting

therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Guayara v Harry I. Katz, P.C.*, 83 AD3d 661 [2011]; *Kuzmin v Nevsky*, 74 AD3d 896, 897 [2010]). Applying this standard here, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the plaintiff's second cause of action to recover damages for legal malpractice. Contrary to the defendants' contention, the second cause of action sufficiently alleged that they breached their duty to exercise "the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]), by delaying commencement of an underlying personal injury action despite their alleged actual knowledge of impending federal legislation (49 USC § 30106) that would bar State-law vicarious liability actions against automobile lessors and rental companies after August 10, 2005 (*cf. Darby & Darby v VSI Intl.*, 95 NY2d 308 [2000]).

The Supreme Court also properly denied that branch of the defendants' motion which was to dismiss the plaintiff's fourth cause of action to recover damages for legal malpractice based on documentary evidence pursuant to CPLR 3211 (a) (1). A motion pursuant to CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *see Leon v Martinez*, 84 NY2d at 88; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]; *Lucia v Goldman*, 68 AD3d 1064 [2009]; *Elm Sea Realty Corp. v Chicoy*, 68 AD3d 1047 [2009]). Here, the documentary evidence submitted did not conclusively establish that the plaintiff's vehicle was repossessed before the defendants were retained, or that repossession of the vehicle would have necessarily prevented the plaintiff from successfully asserting a manufacturing and/or design defect claim in the underlying personal injury action based upon the alleged failure of her vehicle's airbags to deploy.

However, the Supreme Court should have granted those

branches of the defendants' motion which were to dismiss the first and third causes of action to recover damages for breach of contract. The breach of contract causes of action are duplicative of the legal malpractice causes of action because they arise from the same facts and do not seek distinct and different damages (*see Alizio v Feldman*, 82 AD3d 804 [2011]; *Conklin v Owen*, 72 AD3d 1006, 1007 [2010]; *Sitar v Sitar*, 50 AD3d 667, 670 [2008]; *Town of Wallkill v Rosenstein*, 40 AD3d 972, 974 [2007]; *cf. Reidy v Martin*, 77 AD3d 903 [2010]). Dillon, J.P., Covello, Eng and Chambers, JJ., concur.