■ MENDEL E. OFMAN, Appellant, v STEPHEN A. KATZ, Respondent. [933 NYS2d 101]—

In a legal malpractice action, a plaintiff must show that the defendant attorney "failed to exercise the ordinary reasonable

skill and knowledge commonly possessed by a member of the legal profession" and that "the attorney's breach of this professional duty caused the plaintiff's actual damages" (*McCoy v Feinman*, 99 NY2d 295, 301-302 [2002] [internal quotation marks omitted]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Guayara v Harry I. Katz, P.C.*, 83 AD3d 661, 662 [2011]; *Alizio v Feldman*, 82 AD3d 804, 804 [2011]). When determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, "the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Thompsen v Baier*, 84 AD3d 1062, 1063 [2011]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Guayara v Harry I. Katz, P.C.*, 83 AD3d at 662; *Kuzmin v Nevsky*, 74 AD3d 896, 897 [2010]). To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence relied on by the defendant must "conclusively establish[ ] a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d at 88; *see Guayara v Harry I. Katz, P.C.*, 83 AD3d at 662).

Applying these standards to the instant case, the Supreme Court erred in granting that branch of the defendant's motion which was to dismiss the cause of action sounding in legal malpractice. The plaintiff alleged in his complaint, among other things, that the defendant failed to successfully negotiate or fully litigate the issue of whether a previously existing stipulation of settlement in one matter was intended to relieve him of liability for the claims interposed against him in another matter. The plaintiff also alleged that, but for this failure, he would have obtained either a general release or a favorable ruling that the stipulation of settlement constituted a general release, and been able to successfully defend the claims interposed against him in the second matter on the basis of that release. Accordingly, the complaint states a legally cognizable cause of action against the defendant sounding in legal malpractice (*see Thompsen v Baier*, 84 AD3d at 1063; *Guayara v Harry I. Katz, P.C.*, 83 AD3d at 663). Moreover, although the defendant initially raised the affirmative defense of release in this action, and appealed from the denial of a motion to dismiss the complaint based upon this defense, this Court previously held that there were issues of fact as to which disputes the stipulation of settlement was intended to settle (*see Ofman v Campos*, 12 AD3d 581 [2004]), and the documents submitted do not conclusively establish that this particular outstanding issue of fact was ever dispositively determined (*see generally Teitelbaum Holdings v*

*Gold*, 48 NY2d 51, 55-56 [1979]; *Baumis v General Motors Corp.*, 102 AD2d 961, 962-963 [1984]). Accordingly, that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action sounding in legal malpractice based on documentary evidence should have been denied (*see Thompsen v Baier*, 84 AD3d at 1063; *Guayara v Harry I. Katz, P.C.*, 83 AD3d at 663).

The Supreme Court, however, properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for breach of contract. This cause of action was duplicative of the legal malpractice cause of action since it arose from the same facts, and did not seek distinct and different damages (*see Alizio v Feldman*, 82 AD3d at 805; *Conklin v Owen*, 72 AD3d 1006, 1007 [2010]; *Sitar v Sitar*, 50 AD3d 667, 670 [2008]; *Town of Wallkill v Rosenstein*, 40 AD3d 972, 974 [2007]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.