■ STAN STUART, Appellant, v ROBERT L. FOLKS & ASSOCIATES, LLP, et al., Respondents. [965 NYS2d 149]—

In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered May 19, 2011, which, in effect, granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In a legal malpractice action, a plaintiff must show that the defendant attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the

legal profession" and that "the attorney's breach of this professional duty caused the plaintiff's actual damages" (*McCoy v Feinman*, 99 NY2d 295, 301-302 [2002] [internal quotation marks omitted]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Guayara v Harry I. Katz, P.C.*, 83 AD3d 661, 662 [2011]; *Alizio v Feldman*, 82 AD3d 804, 804 [2011]). To succeed on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), the documentary evidence relied on by the defendant must "conclusively establish[ ] a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Guayara v Harry I. Katz, P.C.*, 83 AD3d at 662).

Applying these standards to the instant case, the Supreme Court properly directed the dismissal of the legal malpractice cause of action. The plaintiff alleged that the defendants negligently advised him to prosecute an underlying action despite the fact that it was time-barred. However, the documentary evidence submitted by the defendants established that they specifically advised the plaintiff about probable statute-of-limitations problems, and that they reasonably commenced the underlying action despite such concern. Moreover, the documentary evidence also established that the underlying action was dismissed solely because the plaintiff failed to appear pro se with new counsel in that action within the time specified by the court, after the court had granted the motion of Robert L. Folks & Associates, LLP, a defendant in this action, to be relieved as counsel for the plaintiff in the underlying action.

The Supreme Court also properly directed the dismissal of the breach of contract cause of action because it was duplicative of the legal malpractice cause of action (*see* CPLR 3211 [a] [7]; *Ofman v Ginsberg*, 89 AD3d 908, 909 [2011]; *Conklin v Owen*, 72 AD3d 1006 [2010]; *Laruccia v Forchelli, Curto, Schwartz, Mineo, Carlino & Cohn*, 295 AD2d 321, 322 [2002]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31386(U).]**