Attallah v Milbank, Tweed, Hadley & McCloy, LLP (2019 NY Slip Op 00583)





Attallah v Milbank, Tweed, Hadley & McCloy, LLP


2019 NY Slip Op 00583


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-00955
 (Index No. 606650/14)

[*1]Ahdy Attallah, appellant, 
v
Milbank, Tweed, Hadley & McCloy, LLP, respondent.


Ahdy Attallah, Roslyn Heights, NY, appellant pro se.
Milbank, Tweed, Hadley & McCloy, LLP, New York, NY (Thomas A. Arena, Rachel Penski Fissell, and Benjamin E. Sedrish of counsel), respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered December 18, 2015. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint and denied the plaintiff's motion pursuant to CPLR 3024(b) to strike allegedly prejudicial text used by the defendant in its memorandum of law.
ORDERED that the order is affirmed, with costs.
In 2011, the defendant agreed to assist the plaintiff on a pro bono basis, in a very limited fashion, regarding the plaintiff's expulsion in 2010 from the New York College of Osteopathic Medicine. To that end, the parties executed a letter of engagement dated July 7, 2011. The letter of engagement provided, in relevant part, that: "Our services will include all activities necessary and appropriate in our judgment to investigate and consider options that may be available to urge administrative reconsideration of your dismissal from the New York College of Osteopathic Medicine (the College'). This engagement does not, however, encompass any form of litigation or, to the extent ethically prohibited in this circumstance, the threat of litigation, to resolve this matter. This engagement will end upon your re-admittance to the College or upon a determination by the attorneys working on this matter that no non-litigation mechanisms are available to assist you. The scope of the engagement may not be expanded orally or by conduct; it may only be expanded by a writing signed by our Director of Public Service."
Despite the defendant's non-litigation efforts, the College refused to reconsider the plaintiff's dismissal. Thereafter, the plaintiff commenced this action against the defendant to recover damages for breach of fiduciary duty, legal malpractice, and violations of Executive Law § 296, the New York Administrative Code, and the New York Corrections Law. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
In an action to recover damages for legal malpractice, a plaintiff must show that the defendant attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" and that "the attorney's breach of this professional [*2]duty caused the plaintiff's actual damages" (McCoy v Feinman, 99 NY2d 295, 301-302 [internal quotation marks omitted]; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438; Guayara v Harry I. Katz, P.C., 83 AD3d 661; Alizio v Feldman, 82 AD3d 804). When determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff is to be afforded every favorable inference" (Simkin v Blank, 19 NY3d 46, 52; see Leon v Martinez, 84 NY2d 83, 87; Hershco v Gordon & Gordon, 155 AD3d 1007, 1008; Kempf v Magida, 37 AD3d 763). At the same time, however, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Maas v Cornell Univ., 94 NY2d 87, 91 [internal quotation marks omitted]; see Myers v Schneiderman, 30 NY3d 1; Sweeney v Sweeney, 71 AD3d 989, 991).
A motion to dismiss a complaint based on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Stein v Garfield Regency Condominium, 65 AD3d 1126, 1128). To qualify as documentary evidence, the evidence "must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808). In order to succeed on a motion to dismiss pursuant to CPLR 3211(a)(1), the documentary evidence relied on by the defendant—here, the parties' letter of engagement dated July 7, 2011—must conclusively establish a defense to the causes of action asserted by the plaintiff as a matter of law (see Leon v Martinez, 84 NY2d at 88; Guayara v Harry I. Katz, P.C., 83 AD3d at 662).
We agree with the Supreme Court's determination granting the defendant's motion to dismiss the amended complaint. Contrary to the plaintiff's contention, according to the parties' undisputed letter of engagement, the defendant did not promise to negotiate administrative reconsideration on the plaintiff's behalf but, rather, that it would "investigate and consider options that may be available to urge administrative reconsideration of your dismissal from the New York College of Osteopathic Medicine." The letter of engagement conclusively demonstrated that there was no promise to negotiate. There was only a promise to investigate and consider whether there were any options possibly available to urge the school to reconsider the plaintiff's expulsion. Anything else, including the defendant's failure to commence litigation against the school and the defendant's alleged rendering of legal advice regarding the efficacy of the plaintiff's commencing a defamation action against others, was outside the scope of the letter of engagement.
An attorney may not be held liable for failing to act outside the scope of a retainer (see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428). Therefore, since the defendant's alleged failure to negotiate with the school, its alleged failure to commence litigation against the school, and its alleged failure to properly advise the plaintiff on the efficacy of a defamation action against nonschool parties fell outside the scope of the parties' letter of engagement, dismissal of the cause of action alleging legal malpractice was warranted, pursuant to CPLR 3211(a)(1), on documentary evidence grounds.
Contrary to plaintiff's further contention, the cause of action alleging breach of fiduciary duty was properly dismissed as duplicative of the cause of action alleging legal malpractice, as it arose from the same facts and does not allege distinct damages (see Maroulis v Sari M. Friedman, P.C., 153 AD3d 1250; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812; Rosenbaum v Sheresky Aronson Mayefsky & Sloan, LLP, 100 AD3d 731; Financial Servs. Veh. Trust v Saad, 72 AD3d 1019, 1020).
The third cause of action, alleging discrimination in violation of Executive Law § 296, was properly dismissed in light of the failure to state a cognizable legal theory against the defendant for a violation of this law arising from the defendant's alleged decision "to dump" the plaintiff as a client (see CPLR 3211[a][7]).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court