Zohar v LaRock (2020 NY Slip Op 04202)





Zohar v LaRock


2020 NY Slip Op 04202


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-11211 
2017-05391
2017-07932
 (Index No. 14826/10)

[*1]Gil Zohar, respondent-appellant,
v
Allen L. LaRock, et al., appellants-respondents.


Peter S. Thomas, P.C., Forest Hills, NY (Lawrence B. Goodman of counsel), for appellants-respondents.
Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for respondent-appellant.
In an action to recover damages for breach of a partnership agreement and for an accounting, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Stephen Bucaria, J.), entered June 20, 2016, (2) a corrected order of the same court entered July 27, 2016, and (3) an order of the same court entered March 30, 2017, and the plaintiff cross-appeals from the order entered June 20, 2016. The order entered June 20, 2016, and the corrected order entered July 27, 2016, insofar as appealed from, upon vacating an order of the same court entered November 18, 2015, sua sponte, granted that branch of the plaintiff's prior motion which was for summary judgment on the cause of action for an accounting and directed the manner in which the buyout price of the plaintiff's partnership interest in the defendant Zohar, LaRock & Perez, LLP, was to be calculated. The order entered March 30, 2017, insofar as appealed from, denied the defendants' motion for leave to reargue with respect to certain determinations in the order entered June 20, 2016, and, in effect, the corrected order entered July 27, 2016.



DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal from the order entered June 20, 2016, as superseded by the corrected order entered July 27, 2016, and to dismiss the appeal from the order entered March 30, 2017, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated April 27, 2018, those branches of the plaintiff's motion were held in abeyance and referred to the panel of Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeals, it is
ORDERED that those branches of the plaintiff's motion which are to dismiss the appeals from the orders entered June 20, 2016, and March 30, 2017, are granted; and it is further,
ORDERED that the appeals from the orders entered June 20, 2016, and March 30, 2017, are dismissed; and it is further,
ORDERED that the cross appeal of the order entered June 20, 2016, is dismissed as abandoned; and it is further, 
ORDERED that on the Court's own motion, the defendants' notice of appeal from the corrected order entered July 27, 2016, is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the corrected order entered July 27, 2016, is modified, on the law, by deleting the provision thereof directing the manner in which the buyout price of the plaintiff's partnership interest in the defendant Zohar, LaRock, & Perez, LLP, is to be calculated; as so modified, the corrected order entered July 27, 2016, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff and the defendant Allen L. LaRock were partners in a law firm. Pursuant to a limited liability partnership agreement (hereinafter partnership agreement) dated August 1, 2005, the defendant Dario Perez was added as an equal partner to the partnership. Following the execution of the partnership agreement, the new partnership was to be known as Zohar, LaRock & Perez, LLP (hereinafter the firm).
Pursuant to paragraph 3.06 of the partnership agreement, a capital partner could voluntarily withdraw from the firm upon 60 days' prior written notice. In the event of a voluntary withdrawal, a capital partner would be paid "an amount equal to the Buy-Out Price, which amount [would] be paid in accordance with the terms of paragraph 3.09. In addition, . . . LaRock and/or [the plaintiff] [would] receive 50% of the balance in the operating account as of August 1, 2005." The only definition of the term "Buy-Out Price" in the partnership agreement was "the product of (a) the [firm's] Net Book Value as of the last day of the month in which [the partner's] death, disability or retirement occurred and (b) such Partner's Sharing Ratio[ ] as of such date." The partnership agreement defined the terms "Net Book Value" and "Sharing Ratio" in paragraph 1.
On August 24, 2009, the plaintiff, LaRock, and Perez entered into an Agreement to Transfer Partnership Interests, pursuant to which the plaintiff's partnership interest was reduced from 33&frac13;% to 25%. On July 29, 2010, without the plaintiff's involvement or approval, LaRock and Perez executed a subsequent Agreement to Transfer Partnership Interests, reducing the plaintiff's interest in the partnership from 25% to 15%.
On August 3, 2010, the plaintiff withdrew from the firm. On that date, the plaintiff withdrew $49,750 from the firm's accounts, purportedly representing $45,000 as the plaintiff's buyout price based upon a 25% partnership interest in the firm, and $4,750, representing the return of the plaintiff's capital. On August 4, 2010, the plaintiff commenced this action against LaRock, Perez, and the firm. In the first cause of action, the plaintiff sought to recover damages for breach of the partnership agreement, alleging that the defendants breached the partnership agreement in attempting to reduce his partnership interest from 25% to 15% and in failing to pay him pursuant to its unamended terms. In his second cause of action, the plaintiff sought, inter alia, an accounting of the partnership, to determine the sum of money owed to him pursuant to the terms of the partnership agreement. In the defendants' answer, they asserted, inter alia, a counterclaim alleging breach of the partnership agreement and sought, among other things, an accounting from the plaintiff. The defendants alleged, in effect, that the plaintiff breached the partnership agreement by withdrawing $45,000 from the firm's accounts, purportedly representing a 25% partnership interest, when the plaintiff's partnership interest had been reduced to 15%. The defendants also stated in their answer that the partnership was dissolved as of August 6, 2010.
In an order entered May 8, 2015, the Supreme Court awarded the defendants summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment dismissing the defendants' counterclaims. With respect to the defendants' counterclaim alleging [*2]breach of the partnership agreement, the court determined that the July 29, 2010, agreement, which reduced the plaintiff's partnership interest in the firm from 25% to 15%, was invalid. In an order entered November 18, 2015, the court, inter alia, (a) upon reargument, denied that branch of the defendants' prior motion which was for summary judgment dismissing the cause of action for an accounting, (b) granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for an accounting, and (c), upon reargument, adhered to the determination in the order entered May 8, 2015, granting that branch of the plaintiff's prior cross motion which was for summary judgment dismissing the defendants' counterclaim alleging breach of the partnership agreement.
In March 2016, the plaintiff moved to compel the defendants to provide certain discovery. In May 2016, the defendants cross-moved to vacate a prior discovery order and to stay the matter pending the determination of their appeal from the orders entered May 8, 2015, and November 18, 2015. In an order entered June 20, 2016, and a corrected order entered July 27, 2016, the Supreme Court, inter alia, vacated the order entered November 18, 2015. The court determined, contrary to the prior order, that the agreement between LaRock and Perez dated July 29, 2010, reducing the plaintiff's partnership interest from 25% to 15%, was valid, subject to the plaintiff's retention of a 25% interest in vested rights. Thereupon, the court, sua sponte, inter alia, granted that branch of the plaintiff's prior motion which was for summary judgment on the cause of action for an accounting and directed that the plaintiff's partnership interest in the firm be calculated based upon determinations that the plaintiff was entitled to: (i) 15% of the net attorney fees generated by open cases which settled after August 3, 2010, (ii) 25% of the net fees of any cases which had settled as of August 3, 2010, (iii) 25% of the net book value of the firm's fixed assets, including its security deposit for its lease, (iv) 50% of the balance in the firm's operating account as of August 1, 2005, and (v) the return of capital in the amount of $4,750.
On appeal, the defendants contend that the plaintiff was not entitled to summary judgment on the cause of action for an accounting or, alternatively, if the plaintiff was entitled to an accounting, that the Supreme Court's directive regarding how the accounting should be performed was improper, and the matter should be remitted to the Supreme Court, Nassau County, with a directive that the accounting be performed in accordance with the terms of the partnership agreement.
" The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest'" (Lawrence v Kennedy, 95 AD3d 955, 958, quoting Palazzo v Palazzo, 121 AD2d 261, 265; see Dee v Rakower, 112 AD3d 204, 214). A plaintiff seeking an accounting has to show that he or she entrusted money or property to the defendant with respect to which he or she has an interest or which, in equity, ought to be divided (see Sitar v Sitar, 50 AD3d 667, 670). Here, we agree with the Supreme Court's determination awarding the plaintiff summary judgment on the cause of action for an accounting to determine the amount due to him pursuant to the terms of the partnership agreement. "Generally, to be entitled to an equitable accounting, a plaintiff must demonstrate that he or she has no adequate remedy at law. However, where . . . there is a fiduciary relationship between the parties, there is an absolute right to an accounting notwithstanding the existence of an adequate remedy at law" (Webster v Forest Hills Care Ctr., LLC, 164 AD3d 1499, 1501 [citations omitted]; see Koppel v Wien, Lane & Malkin, 125 AD2d 230, 234). Here, it is undisputed that there was a fiduciary relationship between the plaintiff and the defendants. Further, in the defendants' initial motion to dismiss the complaint, the defendants acknowledged that an accounting was necessary. Given the terms of the partnership agreement, although the firm did not dissolve upon the plaintiff's withdrawal on August 3, 2010, and the plaintiff had a remedy at law, the plaintiff established his prima facie entitlement to an accounting as of the date of his withdrawal (see e.g. Dawson v White & Case, 88 NY2d 666, 670). In opposition, the defendants failed to raise a triable issue of fact.
However, "[a] partnership is a voluntary, contractual association in which persons carry on a business for profit as co-owners. In the agreement establishing a partnership, the partners can chart their own course" (Congel v Malfitano, 31 NY3d 272, 278-279). Further, while New [*3]York's Partnership Law provides certain default provisions where a partnership agreement is silent, where the agreement clearly sets forth the terms between the partners, it is the agreement that governs (see e.g. Congel v Malfitano, 31 NY3d at 278).
Here, the partnership agreement expressly provides that the partnership "shall not be dissolved" upon the resignation of a partner. The terms of the partnership agreement take precedence over Partnership Law § 62, which permits a partnership to be dissolved at any time by any partner. The firm was not dissolved, but rather, the plaintiff withdrew from the firm on August 3, 2010. Accordingly, pursuant to the terms of the partnership agreement, the plaintiff was entitled to the buyout price, as defined in that agreement, and payable in accordance with the terms of that agreement. Consequently, the Supreme Court should not have directed that the buyout price be calculated in a different manner. Accordingly, we remit the matter to the Supreme Court, Nassau County, for further proceedings to determine the value of the buyout price of the plaintiff's partnership interest in the firm in accordance with the terms of the partnership agreement.
The plaintiff's cross appeal from the order entered June 20, 2016, must be dismissed as abandoned since the plaintiff did not raise any argument in his brief with respect to his cross appeal from that order.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court