■ NORWEST MORTGAGE, INC., Respondent, v DIME SAVINGS BANK OF NEW YORK, Appellant, et al., Defendants. [721 NYS2d 94] —In an action, *inter alia,* to recover damages for negligence arising from the defendant Peter V. Ferrara's conversion of assets in an escrow account with the defendant Dime Savings Bank of New York, the defendant Dime Savings Bank of New York appeals from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered February 7, 2000, as denied that branch of its motion which was to dismiss the cause

of action sounding in common-law negligence insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the cause of action sounding in common-law negligence insofar as asserted against the appellant is granted, that cause of action is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The general rule is that a depositary bank has no duty to monitor fiduciary accounts maintained at its branches in order to safeguard funds in those accounts from fiduciary misappropriation (*see, Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.]*, 64 NY2d 434, 438; *Home Sav. v Amoros*, 233 AD2d 35, 39). Liability may be imposed if a depositary bank has actual knowledge or notice that a diversion will occur or is ongoing. Facts sufficient to cause a reasonably prudent person to suspect that trust funds are being misappropriated will trigger a duty of inquiry on the part of a depositary bank, and the bank's failure to conduct a reasonable inquiry when the obligation arises will result in the bank being charged with such knowledge as inquiry would have disclosed (*see, Home Sav. v Amoros, supra*, at 39). Such facts include a chronic insufficiency of funds, or payment of the fiduciary's personal obligations to the depositary bank from the escrow account (*see, Home Sav. v Amoros, supra*). Small overdrafts are generally insufficient to trigger a duty of inquiry (*see, Lawyers' Fund for Client Protection v Gateway State Bank*, 273 AD2d 565).

The complaint fails to allege any knowledge on the part of the appellant, any chronic insufficiency of funds, or any transfers to satisfy the fiduciary's indebtedness to the appellant. The allegations as a whole fail to state an action sounding in common-law negligence against the appellant. Accordingly, that branch of the motion which was to dismiss the cause of action sounding in common-law negligence insofar as asserted against the appellant is granted, and the action against the remaining defendants is severed. Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.