■ LESLIE B. SHEROFF, Appellant, v DREYFUS CORPORATION, Doing Business as DREYFUS FAMILY OF FUNDS, Respondent. [855 NYS2d 902]—In an action, inter alia, to recover damages for aiding and abetting the breach of a fiduciary duty, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated June 4, 2007, as granted those branches of the defendant's motion which were to dismiss the first, second, third, and fourth causes of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were to dismiss the second and fourth causes of action and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A motion to dismiss pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, "the complaint states

in some recognizable form any cause of action known to our law" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "[A]ffidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]).

The plaintiff's complaint, as amplified by the affidavit she submitted in opposition to the defendant's motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7), adequately stated causes of action alleging aiding and abetting the breach of a fiduciary duty (second cause of action) and aiding and abetting conversion (fourth cause of action) (*see Kaufman v Cohen*, 307 AD2d 113, 125 [2003]; *Dangerfield v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2006 WL 335357 [SD NY 2006]; *cf. Norwest Mtge. v Dime Sav. Bank of N.Y.*, 280 AD2d 653 [2001]). However, we agree with the Supreme Court that the plaintiff failed to state causes of action alleging breach of fiduciary duty (first cause of action) and scheme to defraud (third cause of action).

To the extent that the plaintiff raises issues regarding that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, we note that such issues are not properly before us (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Fisher, J.P., Miller, Carni and Dickerson, JJ., concur.