TATIANA KUZMIN, Appellant, v LENA NEVSKY, Respondent. [903 NYS2d 96]—

In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Golia, J.), dated May 15, 2009, which granted that branch of the defendant's motion which was for leave to renew her prior motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), which had been determined in an order of the same court dated May 13, 2008, and, upon renewal, granted the defendant's motion to dismiss the complaint, and (2) an order of the same court dated June 17, 2009, which denied her motion for leave to enter a default judgment based on the defendant's failure to answer the complaint.

Ordered that the orders are affirmed, with one bill of costs.

On May 17, 2001, the plaintiff, Tatiana Kuzmin, commenced an action against Visiting Nurse Service of New York (hereinafter VNS), Rockaway Home Attendant Services, Inc. (hereinafter Rockaway), and Oleg Beretsky, alleging sexual harassment, assault and battery, intentional infliction of emotional distress, and other causes of action. In an order dated November 13, 2002, the Supreme Court granted the motion of the defendants in that action to dismiss the complaint in that action, except for one cause of action alleging assault and battery, which was directed solely at Beretsky. Kuzmin retained the defendant, Lena Nevsky, as her attorney on January 31, 2003. Nevsky moved, on behalf of Kuzmin, inter alia, for leave to reargue Kuzmin's opposition to the defendants' motion to dismiss the complaint in the underlying action, and the Supreme Court denied the motion. The relationship between Kuzmin and Nevsky began to deteriorate, and Nevsky moved to withdraw as counsel in the underlying action on October 21, 2003. The Supreme Court granted Nevsky's motion to withdraw.

On April 10, 2007, Kuzmin filed a pro se complaint against Nevsky alleging legal malpractice. Nevsky moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). The Supreme Court denied the motion, stating that Nevsky failed to attach a copy of the complaint. Nevsky then moved, inter alia, for leave to renew her prior motion to dismiss, this time attaching a copy of the complaint. In an order dated May 15, 2009, the Supreme Court granted that branch of Nevsky's motion which was for leave to renew and, upon renewal, granted Nevsky's motion to dismiss the complaint.

Kuzmin also moved for leave to enter a default judgment based on Nevsky's failure to answer the complaint. In an order dated June 17, 2009, the Supreme Court denied the motion on the ground that the matter had been dismissed. Kuzmin ap-

peals from the orders dated May 15, 2009, and June 17, 2009. We affirm.

Pursuant to CPLR 2221 (e) (2) and (3), a motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" and the motion papers must contain a "reasonable justification for the failure to present such facts on the prior motion." Here, the defendant offered a reasonable justification for failing to attach the complaint to her original motion and, thus, the Supreme Court providently exercised its discretion in granting her motion for leave to renew.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Such a motion should be granted only where, even viewing the allegations as true, the facts do not fit within any cognizable legal theory (id. at 87-88; see Morales v Copy Right, Inc., 28 AD3d 440, 441 [2006]; Hartman v Morganstern, 28 AD3d 423, 424 [2006]).

In an action to recover damages for legal malpractice, "a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007], quoting McCoy v Feinman, 99 NY2d 295, 301-302 [2002]; see Rosenstrauss v Jacobs & Jacobs, 56 AD3d 453 [2008]). To establish causation, "a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442). Here, Kuzmin failed to allege that she would have prevailed in the underlying action but for Nevsky's alleged errors, and further failed to allege that Nevsky's alleged malpractice proximately caused her to sustain actual and ascertainable damages. Therefore, the Supreme Court, upon renewal, properly granted Nevsky's motion to dismiss the complaint.

Since the complaint was dismissed, the Supreme Court properly denied Kuzmin's motion for leave to enter a default judgment (see Cree v Cree, 124 AD2d 538, 541 [1986]; see also Kahn v Friedlander, 90 AD2d 868 [1982]). Dillon, J.P., Miller, Chambers and Lott, JJ., concur.