MICHAEL KENNEDY, Appellant, v H. BRUCE FISCHER, ESQ., P.C., et al., Respondents. [912 NYS2d 590]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated July 24, 2009, which, in effect, granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the defendants.

The defendants H. Bruce Fischer, Esq., P.C., and H. Bruce Fischer (hereinafter together Fischer) represented the plaintiff in a personal injury action (hereinafter the personal injury action) arising from injuries allegedly sustained by the plaintiff on September 21, 2001. In August 2002 the plaintiff obtained a default judgment against one of the defendants in the personal injury action (hereinafter the personal injury defendant). In August 2004, following an inquest on the issue of damages, the Supreme Court entered a judgment in favor of the plaintiff and against the personal injury defendant in the principal sum of $1,400,000 (hereinafter the money judgment).

In May 2005 the plaintiff retained the law firm of Marschhausen & Fitzpatrick, P.C. (hereinafter M&F), to collect on the money judgment. Fischer subsequently signed a consent to

change attorney form dated March 21, 2006, pursuant to which M&F replaced Fischer as the plaintiff's counsel in the personal injury action.

In November 2006 the personal injury defendant moved, inter alia, to vacate the money judgment entered against him on the ground that he had not been properly served with process in the personal injury action. In an order dated June 6, 2007, the Supreme Court, among other things, granted the motion, vacated the money judgment, and dismissed the personal injury action insofar as asserted against the personal injury defendant, with prejudice.

On January 9, 2009, the plaintiff commenced this action against Fischer to recover damages for legal malpractice, alleging that Fischer had been negligent in failing to properly effectuate the service of process upon the personal injury defendant prior to the expiration of the statute of limitations in the personal injury action. Fischer moved to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (5) on the ground that it was time-barred by the applicable three-year statute of limitations, and pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court granted those branches of the motion, and we modify.

The Supreme Court improperly granted that branch of Fischer's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (*see Tsafatinos v Wilson Elser Moskowitz Edelman & Dicker, LLP*, 75 AD3d 546 [2010]; *Morris v Gianelli*, 71 AD3d 965, 967 [2010]; *Savarese v Shatz*, 273 AD2d 219, 220 [2000]). Here, Fischer satisfied this initial burden by demonstrating that the alleged legal malpractice occurred more than three years before the instant action was commenced in January 2009 (*see* CPLR 214 [6]). "The burden thus shifted to the [plaintiff] to aver evidentiary facts establishing that [his] cause of action falls within an exception to the statute of limitations, or to raise an issue of fact as to whether such an exception applies" (*Gravel v Cicola*, 297 AD2d 620, 621 [2002]; *see Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 195 [2009]; *Lessoff v 26 Ct. St. Assoc., LLC*, 58 AD3d 610, 611 [2009]). Contrary to the Supreme Court's determination, the evidentiary facts averred by the plaintiff were sufficient to raise an issue of fact as to whether the statute of limitations was tolled by the doctrine of continuous representation because Fischer continued

to perform services for the plaintiff in the personal injury action until approximately March 2006 (*see Gravel v Cicola*, 297 AD2d at 621; *cf. Williams v Lindenberg*, 24 AD3d 434, 434-435 [2005]; *see generally McCoy v Feinman*, 99 NY2d 295, *Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 506-507 [1990]).

However, the Supreme Court properly granted that branch of Fischer's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. "A motion to dismiss pursuant to CPLR 3211 (a) (7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, 'the complaint states in some recognizable form any cause of action known to our law' " (*Sheroff v Dreyfus Corp.*, 50 AD3d 877, 877-878 [2008], quoting *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]). "[A]ffidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *see Sheroff v Dreyfus Corp.*, 50 AD3d at 878).

In an action to recover damages for legal malpractice, "a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused [the] plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]; *see Kuzmin v Nevsky,* 74 AD3d 896, 898 [2010]). To establish causation, "a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Kuzmin v Nevsky*, 74 AD3d at 898; *Rosenstrauss v Jacobs & Jacobs*, 56 AD3d 453 [2008]; *Wray v Mallilo & Grossman*, 54 AD3d 328, 329 [2008]; *Carrasco v Pena & Kahn*, 48 AD3d 395, 396 [2008]).

Here, even as amplified by the plaintiff's affidavit, and according every possible inference favorable to the plaintiff, the complaint failed to allege any facts tending to show that, but for Fischer's alleged negligence in failing to serve process upon the personal injury defendant in the personal injury action, the plaintiff would have prevailed in that action insofar as asserted against the personal injury defendant (*see Kuzmin v Nevsky*, 74 AD3d at 898; *Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.*, 21 AD3d 1082, 1083 [2005]; *Rau v Borenkoff*, 262 AD2d 388, 389 [1999]; *Weiner v Hershman & Leicher*, 248 AD2d 193 [1998]). The plaintiff's remaining contentions regarding

dismissal pursuant to CPLR 3211 (a) (7) are without merit. Accordingly, the Supreme Court properly granted that branch of Fischer's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.