■ PEGGY ADRIANNE MAGIDSON, Appellant, v LARRY I. BADASH et al., Respondents. [937 NYS2d 889]—

The Supreme Court properly, in effect, upon reargument, adhered to an original determination granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint and denying the plaintiff's cross motion for leave to amend the complaint. The complaint failed

to state a cause of action to recover damages for legal malpractice because the plaintiff neglected to plead that she would have prevailed in the underlying action, commenced in the Supreme Court, New York County, but for the defendants' alleged malpractice in failing to file certain motions and appeal from certain orders issued in that action (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Kuzmin v Nevsky*, 74 AD3d 896, 898 [2010]; *see also Weiner v Hershman & Leicher*, 248 AD2d 193 [1998]).

Moreover, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint, as the proposed amendment was patently devoid of merit. The Appellate Division, First Department, concluded that the complaint in the underlying action was properly dismissed because the plaintiff commenced that action after the applicable statute of limitations had expired (*see Magidson v Otterman*, 57 AD3d 264 [2008]), and the proposed amendment, which did not include allegations that the defendants committed malpractice by failing to timely commence the underlying action, would not alter that result (*see Matter of New York County DES Litig.*, 89 NY2d 506, 514 [1997]; *Byrd v Manor*, 82 AD3d 813, 815 [2011]).

The plaintiff's remaining contentions either are without merit or are not properly before this Court. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.