In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated April 7, 2011, *675 which granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and (2), as limited by her brief, from so much of an order of the same court dated October 7, 2011, as, upon renewal, adhered to the original determination.
Ordered that the appeal from the order dated April 7, 2011, is dismissed, as that order was superseded by the order dated October 7, 2011, made upon renewal; and it is further,
Ordered that the order dated October 7, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants.
Contrary to the plaintiff’s contention, the Supreme Court, upon renewal, properly adhered to its original determination granting that branch of the defendants’ motion which was to dismiss the complaint for failure to state a cause of action. In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must “accept the facts as alleged in the complaint as true, accord [the plaintiff] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). “Such a motion should be granted where, even viewing the allegations as true, the plaintiff cannot establish a cause of action” (Parekh v Cain, 96 AD3d 812, 815 [2012]; see High Tides, LLC v DeMichele, 88 AD3d 954, 956-957 [2011]; Schwartz v Schwartz, 55 AD3d 897 [2008]).
Here, even viewing the factual allegations of the complaint as true, they failed to state a cause of action to recover damages for legal malpractice. In this regard, the plaintiffs allegations, inter alia, that the defendants failed to present alleged evidence that the plaintiff in the underlying constructive trust action was manipulated into commencing that action against her, were irrelevant to the presentation of a viable defense against the elements of that constructive trust claim (see generally Rowe v Kingston, 94 AD3d 852, 853 [2012]; Marini v Lombardo, 79 AD3d 932, 933 [2010]). Accordingly, the complaint did not allege sufficient facts to state a cause of action to recover damages for legal malpractice (see generally Magidson v Badash, 92 AD3d 644, 644-645 [2012]; Held v Seidenberg, 87 AD3d 616, 617 [2011]; Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1018-1019 [2010]; Kuzmin v Nevsky, 74 AD3d 896, 898 [2010]).
The plaintiff’s remaining contentions are without merit. Mastro, J.P, Balkin, Lott and Austin, JJ., concur.