11-4090
*2006 Frank Calandra, Jr. Irrevocable Trust, et al. v. Signature Bank Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT: JOHN M. WALKER,
    RICHARD C. WESLEY,
    PETER W. HALL,
      *Circuit Judges.*

---

2006 Frank Calandra, Jr. Irrevocable Trust, Karl Anthony Calandra, as Trustee of 2006 Frank Calandra, Jr. Irrevocable Trust, Kara Marie Calandra Charbonneau, as Trustee of 2006 Frank Calandra, Jr. Irrevocable Trust, Kristin Hassoun, as Trustee of 2006 Frank Calandra, Jr. Irrevocable Trust,

   *Plaintiffs-Counter Defendants-Appellants*,

  v.        11-4090

Signature Bank Corporation,

   *Defendant-Counter-Claimant-Appellee,*

Cushner & Garvey, LLP, Signature Bank, AKA Signature Bank Corp.,

   *Defendants*.

---

FOR APPELLANTS:  ROY A. POWELL (Leon F. DeJulius, Jr., *on the brief*), Jones Day, Pittsburgh, PA.

FOR APPELLEE:     ROBERT M. ROSENBLITH, Chestnut Ridge, NY.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

The 2006 Frank Calandra, Jr. Irrevocable Trust (the "Trust") and its Trustees Kristin Hassoun, Kara Calandra Charbonneau, and Karl Calandra (collectively, the "Plaintiffs") appeal from an August 31, 2011 order of the United States District Court for the Southern District of New York (Daniels, *J.*), granting summary judgment for the Defendant-Appellee Signature Bank Corp. ("Signature Bank") and denying Plaintiffs' motion for partial summary judgment. *2006 Frank Calandra, Jr. Irrevocable Trust v. Signature Bank Corp.*, 816 F. Supp. 2d 222 (S.D.N.Y. 2011). In the underlying suit, Plaintiffs allege that Signature Bank was liable under New York common law and the New York Uniform Commercial Code ("NY UCC") for the depletion of Trust funds by former Trustee Edward Stein. The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the

briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history, and issues on appeal.

Plaintiffs contend that the district court erred in analyzing its various negligence and gross negligence claims. We disagree. Plaintiffs contend that the district court erred by failing to address their claim that Signature Bank negligently accepted and established the Trust Account. This claim is not apparent from the face of the complaint, which focuses on Signature Bank's alleged failure "to make any reasonable inquiries or to safeguard the trust funds *after* Stein's large transactions." J.A. 21, Compl. ¶ 12. (emphasis added). Indeed, under the claims for relief, the complaint describes the negligence/gross negligence claim as follows: "Signature Bank breached its duty to the Calandra Trust . . . by refusing to make reasonable inquiries or safeguard Trust funds in the face of clear evidence that Stein was misappropriating Trust funds." J.A. 22-23, Compl. ¶ 19. Claims not adequately raised below are generally deemed waived on appeal. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005).

Nevertheless, as a matter of law, Signature Bank did not act negligently in setting up the Trust Account. In this vein, Plaintiffs argue that Signature Bank should have had "a dedicated trust department" with special policies and procedures to ensure that employees "understood the purpose of the Trust, the responsibilities of the Trustees, the safeguarding of trust assets and the contents of the underlying Trust Agreement." While this argument might make sense when a bank undertakes to manage a trust, it is far less persuasive where, as here, the bank was only asked to open a typical bank account for the Trust. Accepting Plaintiffs' view would impose on every banking institution the duty to have a dedicated trust department in order to do any business with trusts. New York courts will not, "as a matter of policy," create a duty of care that essentially makes banks trustees of every trust with which they do business. *Lauer v. City of New York*, 95 N.Y.2d 95, 100 (2000).

The district court also did not err in concluding that Signature Bank was not grossly negligent in monitoring the Trust Account. It is well settled that "a depositary bank has no duty to monitor fiduciary accounts maintained at its branches in order to safeguard funds in those accounts from

4

fiduciary misappropriation." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 287 (2d Cir. 2006) (citing *Norwest Mortgage, Inc. v. Dimes Sav. Bank of N.Y.*, 2 A.D.2d 653, 654 (2d Dep't 2001) (internal quotation marks omitted)). "The bank has the right to presume that the fiduciary will apply the funds to their proper purposes under the trust." *Id.* (quoting *Bischoff ex rel. Schneider v. Yorkville Bank*, 218 N.Y. 106, 111 (1916) (internal quotation marks omitted)). It was up to the Trustees, not Signature Bank, to make sure that Trust funds were being used appropriately.

It is true, as Plaintiffs point out, that a bank has a duty to make reasonable inquiries to prevent fraud where it has "notice or knowledge that a diversion is intended or being executed." *Id.* at 287 (quoting *In re Knox*, 64 N.Y.2d 434, 438 (1985) (internal quotation marks omitted)). But here, Signature Bank had every reason to believe that the transactions were valid and authorized by the Trust. At the time of the transactions, Signature Bank had two documents governing the Trust Account that were signed by all three Trustees. The Trust Account Application reflected that each Trustee had signing authority and could act individually with respect to the account. The Funds Transfer Agreement ("FTA") further authorized each of the Trustees to remove

5

funds from the account individually.  Given this documentation, Signature Bank did not act negligently in processing the transactions, each of which was signed by a Trustee and was consistent with the aforementioned agreements.

Plaintiffs also contend that the district court erred in focusing solely on their gross negligence claim without separately addressing their negligence claim.  Both claims require a showing that the defendant breached a duty of care owed to the plaintiff.  *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985) (Mem.).  The only difference between the two claims is that gross negligence requires an additional showing that the defendant's conduct "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing."  *Colnaghi, U.S.A., Ltd. v. Jewelers Prot. Servs., Ltd.*, 81 N.Y.2d 821, 823 (1993) (citation and internal quotation marks omitted).  Because the basis for the district court's dismissal was Plaintiffs' failure to establish "the existence of a legally recognized duty of care to the Trust," 816 F. Supp. 2d at 239, there was no need for the district court to independently reach the same conclusion as to the negligence claim, *see, e.g., Kerusa Co. LLC v. W10Z/515 Real Estate, L.P.*, 810 N.Y.S.2d 861, 866 (N.Y. Sup. Ct. 2005).

6

The district court also did not err in dismissing Plaintiffs' NY UCC claims. Under the NY UCC, a bank is strictly liable to refund wire transfers, with interest, where the bank "accepts a payment order issued in the name of its customer as sender which is . . . not authorized and not effective as the order of the customer under Section 4-A-202." N.Y. UCC § 4-A-204(1). A bank is also strictly liable for charging against the customer's account a check with an unauthorized signature. N.Y. UCC § 4-401. An order is authorized if the sender "authorized the order or is otherwise bound by it under the law of agency." N.Y. UCC § 4-A-202(1).

Here, the Trust Account Application and FTA are unambiguous contracts that authorized Signature Bank to process the wire transfers and check at issue. These documents, both signed by all three Trustees, unequivocally identify the authorized individuals to act on behalf of the Trust. There are no provisions that place limitations or conditions on a Trustee's access to or use of the Trust funds. Thus, the Trust authorized Signature Bank to process the four wire transfers and check at issue.

We have considered Plaintiffs' remaining arguments and, after a thorough review of the record, find them to be without merit.

7

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk