20-0691
*Heinert v. Bank of America et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty.

Present:
>        DEBRA ANN LIVINGSTON,
>            *Chief Judge*,
>        AMALYA L. KEARSE,
>        GERARD E. LYNCH
>            *Circuit Judges*.

_____

MARYBETH HEINERT, RICHARD H. SCHULTZ, JR.,

>        *Plaintiffs-Appellants*,

>        v.                                                    20-0691

BANK OF AMERICA N.A., CITIZENS BANK N.A.,

>        *Defendants-Appellees,*

PERRY SANTILLO, CHRISTOPHER PARRIS,
DOMINIC SIWIK, PAUL ANTHONY LAROCCO,
JOHN PICCARRETO, THOMAS BRENNER,

>        *Defendants.*

_____

For Plaintiffs-Appellants:                    BENJAMIN J. WIDLANSKI (Rachel Sullivan, Dwayne A.
                                              Robinson, Eric S. Kay, *on the brief*), Kozyak Tropin &
                                              Throckmorton LLP, Coral Gables, FL; Michael A.

Burger (*on the brief*), Santiago Burger LLP, Rochester NY.

For Defendant-Appellee          ANTON MELITSKY (Pamela A. Miller, Ashley E.
Bank of America:                Robertson, *on the brief*), O'Melveny & Myers LLP, New York, NY.

For Defendant-Appellee          PETE S. MICHAELS (Michael E. Pastore, Alyssa C.
Citizens Bank:                  Scruggs, *on the brief*), Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Boston, MA.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Mary Beth Heinert and Richard H. Schultz appeal from the October 18, 2019 decision of the district court dismissing their claims against Bank of America, N.A. and Citizens Bank, N.A. (collectively, the "Banks") for failure to state a claim on which relief may be granted.[1]   Plaintiffs-Appellants brought claims against the Banks for aiding and abetting common law fraud, aiding and abetting a breach of fiduciary duty, and conspiracy to defraud under New York law.   Plaintiffs-Appellants allege that they were the victims of a Ponzi scheme perpetrated by the Individual Defendants.   They sued on behalf of a proposed class of approximately 637 investors across the United States who claim to have lost more than $100 million in the Individual Defendants' fraudulent scheme.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1]  Claims remain pending against Perry Santillo ("Santillo"), Christopher Parris ("Parris"), Paul Anthony La Rocco, John Piccarreto, and Thomas Brenner (collectively, "Individual Defendants").   Plaintiffs-Appellants moved under Federal Rule of Civil Procedure 54(b) for the district court to enter final judgment as to the claims against the Banks.   This appeal ensued on the granting of the motion.

2

We review *de novo* the district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006). For purposes of this review, we "must accept as true all [factual] allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Hu v. City of N.Y.*, 927 F.3d 81, 88 (2d Cir. 2019) (quotation marks omitted). To survive dismissal, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quotation marks omitted). Allegations that are "conclusory" are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *S.E.C. v. Apuzzo*, 689 F.3d 204, 207 (2d Cir. 2012) (quotation marks omitted).

Federal Rule of Civil Procedure 9(b) sets forth a heightened pleading standard for allegations of fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *Lerner*, 459 F.3d at 290. Rule 9(b) also specifies that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Therefore, "while the 'actual . . . fraud alleged must be stated with particularity,'" we apply general pleading standards to scienter. *Wight v. BankAmerica Corp*, 219 F.3d 79, 91 (2d Cir. 2000) (quoting *Chill v. General Elec. Co.*, 101 F.3d 263, 267 (2d Cir. 1996)); *Krys v. Pigott*, 749 F.3d 117, 129 (2d Cir. 2014).

## A. Aiding and Abetting Common Law Fraud

To state a claim for aiding and abetting fraud under New York law, plaintiffs must adequately allege: (1) the existence of a fraudulent scheme; (2) that the defendant had actual

3

knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraudulent scheme. *Lerner*, 459 F.3d at 292. "A failure to allege sufficient facts to support the inference that the alleged aider and abettor had actual knowledge of the fraudulent scheme warrants dismissal of the aiding and abetting claim at the pleading stage." *Krys*, 749 F.3d at 127. "[C]onstructive knowledge" is insufficient to constitute the knowledge element of an aiding-and-abetting claim. *Id.* (quoting *Oster v. Kirschner*, 905 N.Y.S. 2d 69, 72 (2010)).

Here, Plaintiffs-Appellants argue that the Banks acquired actual knowledge of the fraud perpetrated against the Plaintiffs-Appellants through their interactions with the Individual Defendants, who banked at local branches of Bank of America and Citizens. In particular, they allege that Bank of America's Rochester, New York branch manager, Derline Cunningham ("Cunningham"), and other bank personnel opened more than 120 business and personal accounts for the Individual Defendants over a nearly ten-year period. Parris and Santillo, two of the Individual Defendants, used these accounts for various shell companies and rapidly shuffled money among them to cover low or negative balances, commingling investor funds in the process. They also transferred deposit funds to their personal accounts and made cash withdrawals. Plaintiffs-Appellants allege that Cunningham assisted Parris and Santillo in keeping their fraudulent scheme afloat by lifting automatic, multi-day holds on large deposits. For years, Cunningham also made false representations to American Express on behalf of Santillo to assure it that Santillo's accounts contained sufficient funds to cover his high monthly balances, when in reality they contained low or even negative balances. After Cunningham relocated to Citizens, she asked Parris and Santillo to move their accounts. Cunningham also solicited and received two $20,000 bribes from Santillo and Parris to continue her representations to American Express.

While serious in nature, these allegations do not suffice to state a claim for aiding-and-abetting fraud against the Banks. At no point in the complaint do the Plaintiffs-Appellants contend that the Banks or their employees knew about the Individual Defendants' fraudulent scheme, as required to plead actual knowledge. Indeed, the Plaintiffs-Appellants never allege that the Banks or their employees knew that the Individual Defendants had provided investors promissory notes with rates of returns that they would not honor, misrepresented how funds would be invested and transferred, or falsely stated returns and other information about the investment companies. Likewise, the complaint does not allege facts indicating that Bank of America's own investigations revealed any actual evidence of the Ponzi scheme after the Individual Defendants' accounts were flagged for suspicious banking activities. While Plaintiffs-Appellants have alleged that Cunningham had actual knowledge of Parris and Santillo's misrepresentations to American Express, these allegations do not suffice to show that either Cunningham or the Banks had actual knowledge of the Individual Defendants' Ponzi scheme, the fraud on which the aiding-and-abetting claim relies. *See Rosner v. Bank of China*, 349 Fed. App'x 637, 639 (2d Cir. 2009) ("Even if [Bank of China] had reason to suspect that Siu Lap was laundering money, this does not mean that [Bank of China] had actual knowledge of the fraudulent scheme perpetrated by IFS and Siu Lap."); *Lerner*, 459 F.3d at 293 (distinguishing the bank's knowledge of conduct that would give rise to disciplinary action from actual knowledge that the attorney was "looting" client funds).

In lieu of actual knowledge, the Plaintiffs-Appellants raise allegations concerning what the Banks should have realized about Parris and Santillo's banking activities, which at most give rise to inferences of constructive knowledge. The Plaintiffs-Appellants point to the high number of accounts opened by Parris and Santillo, their shuffling and commingling of investor funds, and Santillo's questioning of Cunningham ahead of bank inspections about whether the Individual

5

Defendants were "alright." Such "red flags," however, are not the same as actual knowledge. *See Nathel v. Siegal*, 592 F. Supp. 2d 452, 469 (S.D.N.Y. 2008) ("Even where a bank was on notice of 'red flags' that indicated certain accounts may have been vehicles for fraudulent activity and referred the case to its internal fraud unit, the bank had only suspicions but not actual knowledge of the fraud."); *Mazzaro de Abreu v. Bank of America Corp.*, 525 F. Supp. 2d 381, 388 (S.D.N.Y. 2007) (explaining that while patterns of bank transfers and low balances gave rise to inferences of fraud, they at most indicated constructive knowledge of a fraudulent scheme); *In re Agape Litig.*, 773 F. Supp. 2d 298, 310 (E.D.N.Y. 2011) (commingling of investor funds showed at most constructive knowledge of fraud even where bank employees "actually saw" the account activity); *see also MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 431 Fed. App'x 17, 20 (2d Cir. 2011) (noting that "it is not unusual for money to be transferred into and out of investment accounts"). Accordingly, the Plaintiffs-Appellants have not adequately pled that the Banks had actual knowledge of the Ponzi scheme carried out by the Individual Defendants.

**B. Aiding and Abetting a Breach of Fiduciary Duty**

To state a claim for aiding and abetting a breach of fiduciary duty under New York law, a plaintiff must show "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach." *Lerner v. Fleet Bank, N.A.*, 459 F.3d at 294 (quoting *Kaufman v. Cohen*, 760 N.Y.S. 2d 157, 169 (2003)). "'Although a plaintiff is not required to allege that the aider and abettor had an intent to harm, there must be an allegation that such defendant had actual knowledge of the breach of duty.'" *Id.* (quoting *Kaufman*, 760 N.Y.S. 2d at 169 (alteration omitted)); *see also In re Sharp Int'l. Corp.*, 403 F.3d 43, 49 (2d Cir. 2005) (noting that the aider and abettor must have "actual knowledge" of the "breach by a fiduciary of obligations to another" (quotation marks

6

omitted)). Overall, the elements of a claim for aiding-and-abetting a breach of fiduciary duty are "substantially similar" to those for aiding-and-abetting common law fraud. *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 345 (2d Cir. 2018).

As with the aiding-and-abetting fraud claims, we agree with the district court that the Plaintiffs-Appellants have not alleged that the Banks had actual knowledge of any breach of fiduciary duty by the Individual Defendants. Plaintiffs-Appellants allege that the Individual Defendants breached their fiduciary obligations by misrepresenting their various shell-company investments and by mismanaging investment money. However, they do not argue that the Banks knew of these actions. The complaint does not suggest that the Banks reviewed the investors' offering materials or were otherwise aware of any commingling restriction imposed by the investors, or of any misrepresentations made by the Individual Defendants.

Moreover, "[a]s a general matter, 'a depository bank has no duty to monitor fiduciary accounts maintained at its branches in order to safeguard funds in those accounts from fiduciary misappropriation.'" *Lerner*, 459 F.3d at 287 (quoting *Northwest Mortg., Inc. v. Dime Sav. Bank of N.Y.*, 721 N.Y.S. 2d 94, 95 (2001)). For certain types of accounts, like attorney fiduciary accounts, knowledge of the commingling of funds may satisfy the actual knowledge requirement of a claim for aiding and abetting a breach of fiduciary duty because the commingling is inherently unauthorized and therefore a breach of fiduciary duty. *See id.* at 294. However, for most investor accounts, a plaintiff must show that the commingling is unauthorized and that the bank knew about the lack of authorization in order to demonstrate that the bank had actual knowledge of a breach of fiduciary duty. *See Krys v. Butt*, 486 Fed. App'x 153, 157 (2d Cir. 2012). Without clear evidence that commingling is unauthorized, a bank cannot be said to have been placed on notice that any commingling would breach a fiduciary duty. *Id.* (explaining that while

7

some transfers of money from segregated accounts to unsegregated accounts occurred, plaintiffs never alleged that the defendants "knew the transfers were unauthorized").   Here too, Plaintiffs-Appellants make no allegation that the Banks knew the Individual Defendants' actions were unauthorized.   Plaintiffs-Appellants have thus failed to adequately plead that the Banks or their employees had actual knowledge of any breach of fiduciary duty by the Individual Defendants.

## C.  Conspiracy

In order to state a claim for common law conspiracy, plaintiffs must allege (1) a corrupt agreement; (2) an overt act in furtherance of that agreement; (3) the party's intentional participation in furthering the plan; and (4) resulting damages.   *Kashi v. Gratsos*, 790 F.2d 1050, 1055 (2d Cir. 1986); *Biglio v. Coca-Cola Co.*, 675 F.3d 163, 176 (2d Cir. 2012).   Failure to recognize or prevent fraud does not constitute an overt act.   *See Ritchie Capital Mgmt., LCC v. Gen. Elec. Capital Corp.*, 121 F. Supp. 3d 321, 339-40 (S.D.N.Y. 2015).   Here, because the claim for conspiracy requires the same allegations of actual knowledge as those discussed, and found wanting, above, the claim for conspiracy also falls.   *See Pittman v. Grayson*, 149 F.3d 111, 122-23 (2d Cir. 1998) (requiring plaintiffs to allege that defendants had "know[ledge of] the wrongful nature of the primary actor's conduct" in order to state claims for aiding-and-abetting liability and conspiracy). Plaintiffs-Appellants have not alleged a conspiratorial agreement between the Banks or their employees and the Individual Defendants pertaining to the underlying fraudulent scheme. Therefore, we agree with the district court's dismissal of the claim for civil conspiracy.

*       *       *

8

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk