Boatman v County of Onondaga (2024 NY Slip Op 03949)

Boatman v County of Onondaga

2024 NY Slip Op 03949

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

417 CA 23-01219

[*1]KAMAR BOATMAN, PLAINTIFF-APPELLANT,
v
COUNTY OF ONONDAGA, DEFENDANT-RESPONDENT. 

CAITLIN ROBIN & ASSOCIATES PLLC, NEW YORK CITY (CAITLIN A. ROBIN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (JOHN A. SICKINGER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Rory A. McMahon, J.), entered July 10, 2023. The order and judgment granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the second and third causes of action, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff appeals from an order and judgment granting the motion of defendant to dismiss the complaint in its entirety. While plaintiff was under the supervision of the Onondaga County Department of Probation, plaintiff was allegedly sexually abused by his probation officer on at least nine separate occasions in various locations, including in his home, in the probation officer's home, behind a school, and in a hotel. Plaintiff brought an action against the probation officer asserting causes of action for, inter alia, intentional infliction of emotional distress (IIED). Plaintiff also commenced this action against defendant, asserting causes of action for vicarious liability under the doctrine of respondeat superior; negligent hiring, supervising, disciplining, and training; and negligent infliction of emotional distress (NIED). Supreme Court granted defendant's motion to dismiss the complaint in its entirety after determining that the probation officer was not acting within the scope of her employment at the time of the alleged abuse.
Plaintiff contends that the court erred in granting the motion with respect to the first cause of action upon determining that the probation officer was not acting within the scope of her employment at the time of the alleged abuse. We reject that contention. "Under the common-law doctrine of respondeat superior, an employer . . . may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment" (Rivera v State of New York, 34 NY3d 383, 389 [2019]). "Liability attaches 'for the tortious acts of . . . employees only if those acts were committed in furtherance of the employer's business and within the scope of employment' " (id., quoting Doe v Guthrie Clinic, Ltd., 22 NY3d 480, 484 [2014]). "Thus, if an employee for purposes of [their] own departs from the line of . . . duty so that for the time being [their] acts constitute an abandonment . . . of service, the [employer] is not liable" (id. [internal quotation marks omitted]). It is well settled that "[a] sexual assault perpetrated by an employee is not in furtherance of an employer's business and is a clear departure from the scope of employment, having been committed for wholly personal motives" (Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1360 [2d Dept 2019]; see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 250-251 [2002]; Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]; Browne v Lyft, Inc., 219 AD3d 445, 447 [2d Dept 2023]).
Here, even assuming, arguendo, that plaintiff's factual allegations are true, we conclude that "no reasonable factfinder could conclude that the [sexual abuse] constituted action taken within the scope of employment" (Rivera, 34 NY3d at 389; see generally Cascardo v Snitow Kanfer Holtzer & Millus, LLP, 100 AD3d 674, 675 [2d Dept 2012]). Rather, "the gratuitous and utterly unauthorized [sexual abuse alleged by plaintiff is] so egregious as to constitute a significant departure from the normal methods of performance of the duties of a [probation] officer as a matter of law" (Rivera, 34 NY3d at 391). The probation officer's alleged sexual abuse of plaintiff was "completely divorced from the employer's interest" (id.; see generally N.X., 97 NY2d at 251-252; Judith M., 93 NY2d at 933).
We agree with plaintiff, however, that the court erred in granting the motion with respect to the second and third causes of action, and we therefore modify the order and judgment accordingly. Although plaintiff may not sue defendant under a theory of respondeat superior, he "may seek redress . . . on other tort theories" (Rivera, 34 NY3d at 392; see also A.M. v Holy Resurrection Greek Orthodox Church of Brookville, 190 AD3d 470, 471 [1st Dept 2021], lv dismissed 37 NY3d 1100 [2021]; Doe v Westfall Health Care Ctr., 303 AD2d 102, 110 [4th Dept 2002]).
Defendant contends that we may nevertheless dismiss the remainder of plaintiff's claims because there was a prior action pending between the same parties and involving the same claims and because plaintiff's NIED claim is barred by res judicata (see CPLR 3211 [a] [4], [5]). Although we may consider those alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Arista Dev., LLC v Clearmind Holdings, LLC, 207 AD3d 1127, 1129 [4th Dept 2022]; Summers v City of Rochester, 60 AD3d 1271, 1273 [4th Dept 2009]), we conclude that neither ground has merit.
Contrary to defendant's contention, there was no other action pending "between the same parties for the same cause of action in a court of any state"; it is undisputed that plaintiff never served a complaint on defendant in any other action (CPLR 3211 [a] [4]; see Quinones v Z & B Trucking, Inc., 220 AD3d 901, 902 [2d Dept 2023]; Graev v Graev, 219 AD2d 535, 535 [1st Dept 1995]).
Defendant further contends that, because plaintiff's cause of action for IIED in the action against the probation officer was dismissed based upon his failure to establish severe emotional distress, that issue may not be relitigated and thus the NIED cause of action must be dismissed. We reject that contention. Defendant's contention is grounded in principles of collateral estoppel, "a component of the broader doctrine of res judicata" (Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]; see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party" (Ryan, 62 NY2d at 500). "What is controlling is the identity of the issue which has necessarily been decided in a prior action or proceeding" (id.) and "that there was a full and fair opportunity to contest the decision" (Burgos v New York Presbyt. Hosp., 155 AD3d 598, 601 [2d Dept 2017]; see Gramatan Home Invs. Corp., 46 NY2d at 485). Here, defendant failed to establish identity of issue (see generally Baker v Muraski, 61 AD3d 1373, 1374 [4th Dept 2009]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court